Loren L. Forrest, Jr.
Duvol M. Thompson
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone:  212-513-3200
Facsimile: 212-385-9010
loren.forrest@hklaw.com
duvol.thompson@hklaw.com

*Attorneys for Defendant Garda CL Atlantic, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FONTUS ORLWITCH, *Individually and on behalf of all others similarly situated*,<br><br>                                  Plaintiffs,<br><br>            -against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>                                  Defendant. | CIVIL ACTION NO. _____<br><br>NOTICE OF REMOVAL |

**PLEASE TAKE NOTICE** that, on this date, Defendant Garda CL Atlantic, In. ("Garda" or "Defendant"), by and through its attorneys, Holland & Knight LLP, respectfully file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a)-(c), 1441(a)-(b), 1446, and 1453 because this is a putative class action where there is complete diversity between the named Plaintiff, Fontus Orlwitch, and the Defendant, and the amount in controversy exceeds $75,000.

### RELEVANT FACTS

1. On or about May 26, 2020, Plaintiff Fontus Orlwitch filed an action against Garda by filing a Class Action Complaint (attached as **Exhibit A**) in the Supreme Court of New York, County of Nassau, Index No. 604941/2020.  On or about June 3, 2020, Plaintiff served an incorrect Garda entity, Garda USA, Inc.

2. On November 5, 2020, the state court "So Ordered" a "Stipulation and Order" (attached as **Exhibit B**) allowing Plaintiff to file an amended complaint, removing Garda USA, Inc. as a party to this action, extending the time for Garda to respond to the amended complaint, and extending Plaintiff's time to file a class motion.

3. On November 9, 2020, Plaintiff filed a Supplemental Summons and Amended Class Action Complaint ("Amended Complaint" attached as **Exhibit C**) naming Garda CL Atlantic, Inc. as the Defendant, and correcting its principal place of business to be in Boca Raton, Florida.

4. Plaintiff alleges claims under the New York Labor Law, and sought class certification of claims against Garda for damages arising from allegedly failing to pay Plaintiff and the Class minimum wage overtime premiums, *see* Compl. ¶ 58, failing to provide notice of compensation terms at the start of employment *see id*. ¶ 66, and failing to provide accurate wage statements reflecting all hours, including overtime, *see id.* ¶ 72.

5. Plaintiff seeks to prosecute this action on behalf of a putative class consisting of all non-exempt hourly employees who worked for Garda in the State of New York for the period of six (6) years prior to the filing date. *See id.* ¶ 44.

6. On November 30, 2020, Garda, by and through its counsel, accepted service of the Amended Complaint, and the parties agreed that Garda's time to answer or otherwise respond to the Amended Complaint was extended until December 30, 2020.

7. As of December 28, 2020, no other pleadings or papers have been filed with the Supreme Court of the State of New York, and no other parties have been joined or served as defendants in this matter.

8. The United States District Court for the Eastern District of New York embraces

the place where the State Court Action is pending.

## CONSENT TO REMOVAL

9. Garda is the only defendant in this action and consents to removal.

## TIMELINESS OF REMOVAL

10. Garda accepted service by and through its attorneys on November 30, 2020. The time to remove as required by 28 U.S.C. § 1446(b) was not triggered until November 30, 2020. Accordingly, this Notice of Removal is because it was filed within 30 days of the last Garda's acceptance of service. *Id*.

## THE VENUE REQUIREMENT IS MET

11. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

## DIVERSITY REQUIREMENTS ARE MET

12. This action is properly removable under 28 U.S.C. § 1441(a) because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

## THERE IS COMPLETE DIVERSITY

13. Plaintiff is a citizen of the State of New York. *See* Compl. ¶ 5.

14. Defendant Garda is a Delaware corporation, as plead in the Amended Complaint. Compl. ¶ 6. Its principal place of business is at 2000 NW Corporate Boulevard, Boca Raton, Florida, 33431. *Id*.

15. Accordingly, there is complete diversity as required by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. Where, as here, a plaintiff does not expressly plead a specific amount of damages in their complaint, a defendant must only show a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 59 (2d Cir. 2006).

17. Although Garda flatly rejects liability and Plaintiff's and the proposed class' entitlement to any relief, it respectfully submits that based upon a fair reading of the Amended Complaint and the facts set forth in this Notice of Removal, the named Plaintiff seeks damages which exceed the minimum jurisdictional amount of $75,000.

18. Here, Plaintiff alleges that the putative class consists of "All persons who are or have been employed by Defendant as drivers/messengers/guards/ATM technicians in New York State within the period of six years prior to the filing date." Compl. § 44. Plaintiff also alleges that the Proposed Class is so numerous that "joinder of all members is impracticable." Compl. ¶ 47. Plaintiff further alleges that there are "over 300 people who satisfy the definition of the

Proposed Class." *Id*.

19. On behalf of the putative class, Plaintiff seeks alleged compensatory damages including "unpaid wages owed, including interest thereon, and penalties, including liquidated damages", and "reasonable attorneys' fees and costs and pursuant to NYLL." *See* Compl. ¶¶ 61, 67, 73 and "Wherefore" clause.

20. As alleged, Plaintiff "regularly worked 15-16 hours shifts and approximately 44-50 hours per week."   Compl. ¶ 36.  Plaintiff also alleges he worked from November 2018 to November 2019.  *Id*. ¶ 19.

21. From November 2014 until present, the six year period Plaintiff contends applies, which Garda disputes, Plaintiff has estimated that there have been "over 300 people who satisfy the definition of the Proposed Class."  Compl. ¶ 47.  Plaintiff seeks damages as well as the $5,000 maximum statutory penalty, which, if available   for each of the proposed class members would exceed $75,000.  *See Ramirez v. Oscar De La Renta, LLC*, No. 16-7855, 2017 WL 2062960, at *6 (S.D.N.Y. May 12, 2017) (calculating amount in controversy to include statutory damages under New York Labor Law, and "extrapolating these penalties to the assumed portion of the proposed class entitled to recover them").  Because overtime wages, statutory damages, and liquidated damages,  are sought for each class member, Plaintiff's potential recovery far exceeds $75,000.

22. Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

23. Plaintiff's individual claim seeks damages in excess of $75,000, and therefore the amount in controversy requirement is met.  *See* 28 U.S.C. § 1332(d)(2), *Achtman v. Kirby, McInerney & Squires, LLP*, 404 F .Supp. 2d 540, 547 (S.D.N.Y. 2005) ("Only one diverse plaintiff need meet the $75,000 amount-in-controversy requirement . . . .").

24. Plaintiff also seeks liquidated damages, *see id.* at Prayer for Relief ¶ D, which are an available remedy pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-a) (allowing recovery of 100% of unpaid wages as liquidated damages). Liquidated damages are considered in determining the amount in controversy where sought in the Complaint. *Cf. Ramirez*, No. 16-7855, 2017 WL 2062960, at *6) (not considering liquidated damages in amount in controversy where plaintiff waived).

25. Finally, courts in this District recognize that attorneys' fees calculated at 30% of a plaintiff's total recovery may be factored in determining the amount in controversy. *See id.*

### REMOVAL IS PROPER

26. Accordingly, this case is properly removable as the parties are completely diverse and the amount in controversy is met.

27. Garda reserve all rights, claims, and defenses relative to the action filed by Plaintiff and expressly does not waive any defense available in filing this notice.

28. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal upon all parties and shall promptly serve a copy thereof upon the clerk of the Supreme Court of the State of New York, County of Nassau.

**WHEREFORE**, Defendant Garda CL Atlantic, Inc.. respectfully requests that the matter designated by the Amended Complaint be removed to the United States District Court for the Eastern District of New York, and proceed before this Court as an action properly removed.

Dated: December 28, 2020
New York, New York

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Loren L. Forrest, Jr.*
Loren L. Forrest, Jr.
Duvol M. Thompson
31 West 52nd Street
New York, New York 10019
Tel. (212) 513-3200
Fax  (212) 385-9010
loren.forrest@hklaw.com
duvol.thompson@hklaw.com

*Attorneys for Defendant Garda CL Atlantic, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of December, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## **Service List**

Christopher Q. Davis, Esq.
Rachel M. Haskell, Esq.
The Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, New York 10004

*Attorneys for Plaintiff*