# EXHIBIT A

SUPREME COURT OF NEW YORK
NASSAU COUNTY

FONTUS ORLWITCH, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GARDA USA, INC.,

Defendant.

Index No.

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**

Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, The Law Office of Christopher Q. Davis, PLLC, allege, upon personal knowledge and upon information and belief as to other matters, as follows:

**NATURE OF ACTION**

1. This is a class action brought by Lead and Putative Class Representative Plaintiff Fontus Orlwitch (the "Representative Plaintiff" or "Lead Plaintiff") and all putative plaintiffs (collectively, "Plaintiffs"), on their own behalf and on behalf of the proposed NY CPLR § 901 class identified below (the "Putative Class" or "Class"). Plaintiffs and the Putative Class were or are employed by Defendant Garda USA, Inc. ("Garda" or "Defendant") as non-exempt hourly drivers/messengers/guards/ATM technicians and were denied lawful minimum wage overtime compensation, in violation of New York Labor Law ("NYLL") Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYCRR"), including but not limited to the regulations in 12 NYCRR Part 142. Defendant also failed to provide Plaintiffs and

the Putative Class with accurate wage notices and accurate wage statements in violation of NYLL § 195(1) and § 195(3), respectively.

2. The Putative Class of employees are similarly situated to the Plaintiffs under New York Civil Practice Law and Rule § 901 and have suffered the same violations pursuant to Defendant's common policies and practices.

3. The Putative Class is made up of all persons who are or have been employed by Defendant as drivers/messengers/guards/ATM technicians assigned to Defendant's facility located in Long Island City within the period of six years prior to the filing date (the "Class Period") and who were subject to Defendant's unlawful policy and/or practice of: (1) failing to pay Plaintiffs and the Class overtime premiums, including minimum wage overtime premiums, for all hours worked over 40 in a given workweek, (2) failing to provide Plaintiffs' and the Class' with notices required by the Wage Theft Prevention Act ("WTPA") at the start of their employment, and (3) failing to provide Plaintiffs and the Class with accurate wage statements reflecting all hours, including overtime hours, worked as required by the WTPA.

4. Plaintiffs seek relief for the Class pursuant to the applicable provisions of the NYLL to remedy the Defendants' failure to pay all wages due and failure to provide accurate wage notices and wage statements, in addition to injunctive relief.

## PARTIES

5. Individual and Representative Plaintiff Fontus Orlwitch is a former employee of Defendant, and presently and at all relevant times residing in New York. He began his employment with Defendant on November 12, 2018, working as a driver. Approximately six months after being hired, he was given the additional responsibilities of an ATM technician. At all times during his employment, he was assigned to Defendant's Long Island City Depot.

6. Defendant Garda is a Delaware corporation providing private security, consulting, and cash/armored vehicle services. Garda operates over 200 offices throughout the United States. Garda's principal place of business is at 2000 NW Corporate Boulevard, Boca Raton, Florida 33431. Garda's Long Island City Branch is located at 5-26 45th Ave, Long Island City, New York, 11101.

7. Garda's Long Island City Branch employs approximately 300 drivers/messengers/guards/ATM technicians. It dispatches these employees in armored vehicles to provide secure cash vault, ATM, and armored transport services for financial institutions and other businesses throughout Long Island and Manhattan.

8. Upon information and belief, no services originating from the Long Island City depot are provided outside of New York or otherwise across state lines.

9. At all relevant times, Garda has met the definition of Plaintiff's "employer" under the NYLL § 190(3).

10. Garda and its drivers, who also serve as messengers, guards, and ATM technicians, are subject to NYLL as well as its companion regulations in the NYCRR.

## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction pursuant to Article VI, Section 7(a) of the Constitution of the State of New York.

12. In addition, the Court has jurisdiction over Plaintiffs' claims under the New York Labor Law pursuant to NYLL § 198.

13. This Court is empowered to issue a declaratory judgment pursuant to NY CPLR § 3001.

14. Venue is proper in the Nassau County Supreme Court pursuant to NY CPLR § 509, because a substantial amount of the wage violations which give rise to Plaintiffs' claims occurred in this County.

15. This Court has personal jurisdiction over Defendants because they routinely transact business in New York.

## WAGE AND HOUR CLASS ACTION FACTUAL ALLEGATIONS

16. Garda is a private security firm. Its Long Island City facility provides secure armored vehicle transport, ATM services, and cash vault services throughout Long Island and Manhattan.

17. Plaintiffs' job duties for Garda consist primarily of driving to pickup locations within New York including ATM machines, financial institutions, and other businesses, in an armored vehicle, retrieving valuables therein, and completing related and required paperwork.

18. Plaintiffs work in crews of 3-4 employees assigned to an armored vehicle each workday. Each crew includes drivers, messengers, guards, and/or ATM technicians.

19. Lead Plaintiff was employed by Defendant from November 2018 to November 2019.

20. While employed by Defendant, Lead Plaintiff worked shifts on Fridays, Saturdays, and Sundays, beginning each day in the early morning and ending late at night.

21. On Fridays and Sundays, Lead Plaintiff drove to and serviced pickup locations in Nassau County, as well as locations in Suffolk County.

22. On Saturdays, Lead Plaintiff drove to and serviced pickup locations in New York, Bronx, Kings, and Queens counties.

23. Upon information and belief, Plaintiff and members of the Putative Class drove similar routes and also serviced pickup locations primarily in Nassau and Suffolk Counties.

24. Lead Plaintiff was a non-exempt employee, and was paid an hourly wage every two weeks, but was not paid the lawful overtime premium required by NYLL § 652 and NYCRR 142-2.2 for the hours he worked in excess of 40 each workweek.

25. Lead Plaintiff never received an accurate wage notice or any accurate wage statements, which are required by NYLL § 195(1) and § 195(3), respectively.

26. Lead Plaintiff estimates that there are hundreds of similarly situated current and former Garda employees in New York State. The records concerning the number of hours actually worked by Plaintiffs and the compensation actually paid to such employees should be in the custody of Garda.

27. Garda has been the subject of prior wage and hour collective and class action lawsuits alleging similar violations as those alleged herein.

**Defendant's Unlawful Practice of Forcing Plaintiffs to Perform Overtime-Compensable Work at Regular Rate of Pay**

28. In order to provide its customers with adequate service, Defendants require non-exempt hourly drivers/messengers/guards/ATM technicians to meet demanding productivity requirements each workday, forcing Plaintiffs and the Putative Class to work in excess of 40 hours per week in order to avoid disciplinary action. Accordingly, Plaintiffs and the Putative Class were paid a flat day rate and regularly worked exceedingly long shifts to complete their assigned tasks each day.

29. At the start of each workday at Defendant's Long Island City depot, supervisors or managers assign crews of two or three drivers/messengers/guards/ATM technicians a list of approximately 24 "bags" throughout Long Island and Manhattan to "hit" by the end of the day.

Hitting each bag requires each crew to drive an armored vehicle to a bag location (an ATM or business), retrieve valuables therein, and complete related and required documentation.

30. Crews are instructed by Defendant's supervisors and managers not to return to the depot until they have hit every bag on the list. Crews that return before hitting every bag on the list are reprimanded.

31. At the end of each shift, crews are required to take inventory of each bag they retrieved, complete end-of-shift paperwork, and return all equipment to Defendant. Because performing these tasks in an incomplete or inaccurate manner can result in discipline or even criminal liability for Plaintiffs, it is a requirement that they finish all of them.

32. Owing to the impracticality of hitting all 24 bags, in addition to completing all end-of-shift paperwork within 12 hours, Plaintiffs are regularly forced to work 15-16 hour shifts, and as a result regularly work in excess of 40 hours per week.

33. Defendant is required, pursuant to NYLL § 652 and NYCRR 142-2.2, to pay Plaintiffs one and one-half times the New York State minimum wage for every hour worked in excess of 40 per workweek.

34. At all times during the class period, Plaintiff and the Putative class members were paid less than time and one half of the New York State minimum wage for hours worked over 40 in a workweek.

35. Defendant has violated and continues to violate NYLL § 652 and NYCRR 142-2.2 by paying Plaintiff's at flat day rate instead of the rate of one and one-half times the New York State minimum wage, as required by law.

36. Specifically, Lead Plaintiff worked Friday, Saturday, and Sunday of each week, beginning at 6:00am and typically ending at 8:00pm or 9:00pm, and sometimes even later. As a

result, Lead Plaintiff regularly worked 15-16 hours shifts, and approximately 44-50 hours per week.

37. Defendant compensated the Lead Plaintiff and the Putative Class with a daily flat rate instead of the rate of one and one-half times the New York State minimum wage, as required by NYLL § 652 and NYCRR 142-2.2.

38. The daily flat rate that Defendant paid Plaintiff and the Putative Class on a weekly basis failed to compensate them at a rate of one and one-half times the New York State minimum wage for all hours worked over 40 in a workweek, as required by NYLL § 652 and NYCRR 142-2.2.

39. Having spoken with other members of the Putative Class, Plaintiff is aware that the compensation practices alleged herein apply to all Putative Class members who work out of Defendant's Long Isand City depot and, upon information and belief, the entire state of New York.

**Defendant's Unlawful Failure to Provide Accurate Wage Notice and Accurate Wage Statements as Required by NYLL**

40. Defendant is required to provide its employees with accurate wage notices and accurate wage statements pursuant to NYLL §195(1) and §195(3), respectively.

41. Although Defendant verbally informed Lead Plaintiff what his hourly compensation would be, it never provided him with the wage notice required by NYLL §195(1).

42. Defendant never provided Lead Plaintiff with accurate wage statements as required by NYLL §195(3).

**NEW YORK CIVIL PRACTICE LAW AND RULE § 901 CLASS ALLEGATIONS**

43. Plaintiffs incorporate by reference all of the factual allegations made in the preceding paragraphs.

44. Plaintiffs seek to proceed as a class action pursuant to Section 901 of the New York Civil Practice Law and Rules on behalf of the following defined classes:

**Proposed Class:** All persons who are or have been employed by Defendant as drivers/messengers/guards/ATM technicians in New York State within the period of six years prior to the filing date and who were subject to Defendant's unlawful policy and/or practice of: (1) failing to pay Plaintiffs and the Class minimum wage overtime premiums for all hours worked over 40 in a given workweek, (2) failing to provide notice of Plaintiffs' and the Class' compensation terms at the start of their employment, and (3) failing to provide Plaintiffs and the Class with accurate wage statements reflecting all hours, including overtime hours worked.

45. Specifically, the Class is further defined as involving: (i) claims for unpaid minimum wage overtime based on Defendant's policy of paying Plaintiff and the Putative Class a flat daily rate and failing to pay minimum wage overtime for all hours worked over 40 in a workweek; (ii) claims for wage notice violations for Defendant's failure to provide Plaintiffs with an accurate wage notice at the time of hiring that includes the information required by NYLL § 195(1); and (iii) claims for wage statement violations for Defendant's failure to provide Plaintiffs with accurate wage statements on each payday that include the information required by NYLL § 195(3), including the correct compensation rate for hours worked in excess of 40 during the pay period.

46. Defendant has violated NYCRR 142-2.2 and NYLL § 652 by failing to pay Plaintiffs and the Putative Class at least one and one-half times the New York state minimum wage for all hours worked over 40 during the class period pursuant to the same illegal practices and policies alleged above.

47. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable. The Representative Plaintiff is informed and believes, and on that basis alleges,

8

that during the Class Period, Defendant employed over 300 people who satisfy the definition of the Proposed Class.

48. Typicality: Representative Plaintiff's claims are typical of those of the Proposed Class. The Representative Plaintiff is informed and believes that, like other drivers/messengers/guards/ATM technicians, the Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay overtime premiums, failure to furnish accurate wage notices, and failure to furnish accurate wage statements.

49. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Adequacy: The Representative Plaintiff will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in NYLL class action litigation.

51. Commonality: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    a. Whether Defendant unlawfully failed to pay lawful overtime premiums for all hours worked over 40 in a workweek for those violations stated above;

    b. Whether Defendant furnished class members with an accurate wage notice, at the time of hiring, containing the information required by NYLL § 195(1);

    c. Whether Defendant furnished class members with accurate wage statements on each payday containing the information required by NYLL § 195(3);

9

  d. Whether those violations were pursuant to a common policy or practice applicable to all class members;

  e. Whether Defendant employed Plaintiffs and the Proposed Class within the meaning of New York law;

  f. The proper measure of damages sustained by the Proposed Class; and

  g. Whether Defendant's actions were "willful."

52. The case is maintainable as a class action under NY CPLR § 902 because all prerequisites under NY CPLR § 901 are satisfied. Class certification is appropriate because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests. Defendant's uniform policies and practices denied the Proposed Class the wages to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

53. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by NY CPLR § 904. The names and addresses of the Proposed Class are available from Defendant.

54. During the Class Period, and upon information and belief, Plaintiffs each worked more than 1 hour of overtime-eligible work during the Class Period for which they were not paid a lawful overtime premium of one and one-half times the New York State minimum wage.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to Pay Lawful Overtime Premiums in Violation of NYCRR § 142.2.2 and Article 19 of the NYLL)

55. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

56. At all relevant times, Plaintiffs and the Putative Class were employees and the Defendant has been an employer within the meaning of the New York Labor Law.

57. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations applies to Defendant.

58. Defendant has intentionally and willfully established and operated a scheme whereby it fails to pay overtime wages to which Plaintiffs are entitled under the New York Labor Law.

59. Defendant knew, should have known, or showed deliberate disregard for the fact that Plaintiffs are hourly, non-exempt employees who should have been paid overtime wage rates for all of their hours worked over 40 hours per workweek.

60. By Defendant's failure to pay Plaintiffs and the Putative Class premium overtime wages for hours worked in excess of 40 in any workweek during the Class Period, it has willfully violated and continues to violate the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR Part 142.

61. Due to Defendant's violations of the New York Labor Law, Plaintiffs and the Putative Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Failure to Furnish Accurate Wage Notice Statements in Violation of NYLL §195(1))**

62. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

63. At all relevant times, Plaintiffs and the Putative Class were employees and the Defendant has been an employer within the meaning of the New York Labor Law.

64. The record-keeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

65. NYLL § 195(1) requires that employers furnish employees with a wage notice at the time of hiring containing accurate, specifically enumerated criteria required under the NYLL.

66. Defendant did not provide Plaintiffs and the Putative Class with legally sufficient wage notices, as required by NYLL § 195(1).

67. As a result of Defendant's unlawful conduct, Plaintiff and the Putative Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Failure to Furnish Accurate Wage Statements in Violation of NYLL §195(3))**

68. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

69. At all relevant times, Plaintiffs and the Putative Class were employees and the Defendant has been an employer within the meaning of the New York Labor Law.

70. The record-keeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

71. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

72. Defendant did not provide Plaintiffs and the Putative Class with legally sufficient wage statements, as required by NYLL § 195(3).

73. As a result of Defendant's unlawful conduct, Plaintiffs and the Putative Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by NYLL § 663.

## PRAYER FOR RELIEF

WHEREFORE, Lead Plaintiffs, on behalf of themselves and all members of the Putative Class, prays for relief as follows:

A. That the Court determine that this action may proceed as a class action under Sections 901 and 902 of the New York Civil Practice Law and Rules;

B. That Defendant is found to have violated the provisions of the New York Labor Law as to Plaintiffs and the Putative Class;

C. That Defendant's violations as described above are found to be willful;

D. An award to Plaintiffs and the Putative Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E. That Defendant further be enjoined to cease and desist from unlawful activities in violation of NYLL and NYCRR;

F. That Plaintiff's counsel and Plaintiff Fontus Orlwitch can adequately represent the interests of the class as class counsel and class representative, respectively.

13

G. An award of reasonable attorneys' fees and costs pursuant to the NYLL and/or other applicable law; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Section 4102(a) of the New York Civil Practice Law and Rules, Plaintiffs demand a trial by jury as to all issues so triable.

DATED: April 13, 2020
New York, New York

Christopher Q. Davis, Esq.
Rachel M. Haskell, Esq.
The Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, New York 10004
646-430-7930 (main)
646-349-2504 (fax)

*Counsel for Plaintiffs and the putative class*

**SUPREME COURT OF NEW YORK**
**NASSAU COUNTY**

FONTUS ORLWITCH, individually and on behalf of all others similarly situated,

                              Plaintiffs,

                vs.

GARDA USA, INC.,

                              Defendant.

Index No.:

**SUMMONS**
Date Filed: May 28, 2020

Plaintiffs designate the
**NASSAU COUNTY**
as the place of trial.

To The Above Named Defendant:

GARDA USA, INC.,
5-26 45th Ave, Long Island City, New York, 11101

      **YOU ARE HEREBY SUMMONED** to answer the Complaint of the Plaintiffs in this action and to serve a copy of your Answer on the Plaintiffs at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

      **YOU ARE HEREBY NOTIFIED THAT** should you fail to file an answer, a judgment will be entered against you by default for the relief demanded in the Complaint.

      Plaintiff designates Nassau County as the place of trial. The basis of this designation is Plaintiff's residence in Nassau County.

Dated: May 28, 2020
      New York, New York

BY: _____

The Law Office of Christopher Q. Davis
Christopher Q. Davis, Esq.
80 Broad Street, Suite 703
New York, NY 10004
Tel. 646-430-7930
Fax 646-349-2504